STOULIG, Judge.
The Orleans Parish School Board has appealed a judgment which by writ of mandamus directs it to grant sabbatical leave to appellees,[1] Cynthia White and Marianne Newman.
To qualify for a one-semester sabbatical leave the applicant must have six consecutive semesters of active service immediately before a leave may be granted or twelve consecutive active semesters before a two-semester sabbatical leave may be granted. (R.S. 17:1171) In this case appellees would have been eligible for sabbatical leave had the Board credited their maternity leaves as active service time. The issue then is whether maternity leave interrupts active service insofar as sabbatical eligibility is concerned.
Plaintiff Cynthia White taught from September 1973 through May 1976, or six consecutive semesters. She applied for and was granted maternity leave during the 1976 — 77 school year, and in the spring of 1977, while on maternity leave, she requested sabbatical leave for the fall 1977 semester. Appellant denied her request. Similarly, Marianne Newman taught from January 1971 through May 1977, or 13 consecutive semesters. In fall 1977 she was out on maternity leave. Her application for sabbatical leave for the spring 1978 semester was denied. Hence this suit for mandamus.
R.S. 17 regulates public education in Louisiana and Chapter 2, entitled “Teachers and Employees,” contains, among other things, a section on “Leaves of Absence” designated as Part X. We summarize the law in effect at the time the plaintiffs’ leaves were applied for and denied. Sub-part A defined the sabbatical leave and the active service requirements for eligibility in R.S. 17:1171. The last paragraph of that statute created two exceptions to the active service requirement specifying that documented sick leave and involuntary military service would not be deemed to be interruptions of active service even though the teacher was not continuously in the classroom while his or her eligibility for sabbatical leave was accruing. The exceptions created in 17:1171 expressly referred to the statutes that dealt with them, i. e., the sick leave provision was limited to Part X, Sub-part B and the military leave was restricted to R.S. 17:1215. Obviously the latter had nothing to do with maternity leave. Nor could we class maternity leave as sick leave under Sub-part B because Sub-part C expressly regulated maternity leave.
R.S. 17:1211, Sub-part C mandated that boards “ * * * shall grant leaves of absence to regularly employed women teachers for a reasonable time before and after childbirth,” and stated the granting of such leaves should not affect tenure rights acquired prior to the leave under R.S. 17:441 through 17:444 or 17:461 through 17:463. (These sections relate to job security once the teacher has completed the three-year probationary period.) The legislative intent was clear that active service time required for sabbatical eligibility under 17:1171 could not include maternity leave. In this connection we note the Board did not consider that segment of maternity leave medically required for childbearing as an interruption of active service.
The Orleans Parish School Board had adopted a policy in administering the sabbatical eligibility laws that obviates a constitutional problem. It required a pregnant teacher to leave her teaching position at least four weeks before delivery and permitted her to resume her teaching duties six weeks after the birth of her child. Her absence during this period was not treated as an interruption of active service. Thus, for the childbearing period — the time before and after delivery that the Board was informed was required medically for childbirth — the teacher’s status was maintained as active. Had this not been the rule the constitutional challenge urged by appellees would have merit.
*657 The teacher who voluntarily elected to remain with her infant child once the six-week post-delivery period expired then was deemed to have interrupted her active service. The logic of continuing the teacher on active status during the minimum 10-week childbearing period is inescapable because at this point in time it is medically unsound for her to be in the classroom.
Appellees charge our holding is unconstitutional in that it abridges due process and equal protection guarantees afforded plaintiffs by the state and federal constitutions. Without developing argument in which respects both guarantees are violated, plaintiffs basically take an equal protection approach and argue the failure to credit maternity leave as active service is sex discrimination. La.Const. of 1974, Art. 1, §§ 2 and 3, and Amendment 14 of the United States Constitution provide, inter alia, that all persons, regardless of sex, are entitled to equal protection (and administration) of law.
The equal protection argument fails in the light of the holding in General Elec. Co. v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), and the jurisprudence it discusses and distinguishes. Were the distinctions involving pregnancy mere pretexts designed to effect an invidious discrimination against members of the female sex, the Court pointed out, then the laws so regulating rights of childbearing women would be a denial of equal protection. However, it was noted that the mere fact that only women can become pregnant does not render every legislative act regulating pregnancy a gender-based discrimination.
The sabbatical leave laws, as administered by the Board, permitted these women teachers who elected to have children the right to maintain active service status during the childbearing period.[2] The failure to extend active status to the elective (not medically required) child-caring period created no abridgement of the equal protection guarantees constitutionally afforded plaintiffs. Nor do we consider the laws as administered to constitute a denial of property without due process of law.
If we were to interpret the law as plaintiffs suggest, it would be possible for a teacher with three pregnancies and safe deliveries within a three-year period to acquire sabbatical leave without any active teaching time. As R.S. 17:1171 indicates, sabbatical leave is for the purposes of either continuing education or rest and recuperation. It is not a vacation period that accrues after so many years of service.
For the reasons assigned, the judgment appealed from is reversed and the writ of mandamus ordering the Orleans Parish School Board to grant sabbatical leaves to Cynthia White and Marianne Newman is hereby vacated. Plaintiffs are to pay all costs of this litigation.

REVERSED; WRIT OF MANDAMUS VACATED.

. By amendment and supplemental petition Marianne Newman was made an additional party plaintiff. Paula Newell, the third appel-lee, retired from the Orleans system and voluntarily moved to vacate the favorable judgment she obtained.

. Apparently acting to eliminate the inequity of the interruption of continuous service compelled by pregnancy and childbirth and to avoid the constitutional prohibition against gender-based discrimination, the legislature adopted Act No. 385 of 1978 amending R.S. 17:1171 to provide that “ * * * the period of disability occasioned by pregnancy and/or childbirth as determined by a certificate from the employee’s attending physician, shall not be deemed to interrupt the active service herein provided for * * *.” The amendment conforms with the policy of the Orleans Parish School Board in effect prior to the adoption of this amendment.